EASTERN DIS.
March, 1833.

GASQUET
ET ALS.
vs.
KOKERNOT
ET ALS.

If notice of protest is shown to have been sent to the endorser at a post office in the parish where the defendant resides, it lies with him to show that there is another post office nearer to his residence.

which the letter was directed is not nearer the endorser's residence than the other office in the parish, and it appears the affiant well knew by the designation the office which was intended.

On the merits, we think that when notice is shown to have been sent to an office in the parish in which the endorser resides, it lies with him to show that there is in the parish, or elsewhere, another office nearer to his residence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

---

## GASQUET ET ALS vs. KOKERNOT ET ALS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

In all cases of contracts or promises above five hundred *dollars, the testimony* of a single witness, without proof of corroborating circumstances, is insufficient.

In a suit on an alleged promise to pay the debt of another, the defendant may show that he has, several times about the period of the alleged promise, refused to pay the other's debts due to other persons, although the plaintiff in making out his case has not attempted to prove the reverse.

*Preston*, for appellants.

1. But a single witness supports the contract on which the defendant is sued, and he is unsupported by circumstances.

2. It is a contract against which the presumption of law exists. It is opposed by circumstances, and the testimony of of three witnesses.

3. The District Court erred in excluding evidence from the jury, which should have been admitted.

GASQUET
ET ALS.
*vs.*
KOKERNOT
ET ALS.

*Conrad*, for appellees.

1. The verdict of the jury was correct.

2. The evidence referred to in the bills of exceptions was improperly excluded; because, in itself, it affords no presumption that the defendant did not agree to guarantee this particular debt, or at least so near to a presumption that a jury would attach no weight to it; and because it is admitted that subsequently to the original agreement on which this suit is founded, she did agree to guarantee this particular debt, provided a prolongation of time were allowed her without interest.

The facts are stated in the opinion of the court, delivered by Mathews, J.

This suit was commenced against D. L. Kokernot, as purchaser of certain merchandise from the plaintiffs; also against widow Kokernot & Son, united in a commercial firm; and likewise against the widow, in her individual capacity. The petition charges the two last parties as sureties, or guarantors of the purchaser of the goods.

The whole case was submitted to a jury in the court below, who found a general verdict for the plaintiffs, and judgment being thereon rendered for the sum of one thousand four hundred and ten dollars and thirty-one cents, the defendant widow Kokernot, appealed.

The testimony of the case fully establishes the fact of the purchase and delivery of the merchandise to the defendant, D. L. Kokernot. The record affords no evidence of any assumpsit of guaranty or suretyship on the part of Kokernot & Son, as a commercial company; and the assumpsit alleged against Mrs. Kokernot, is positively proven by one witness, and proof of corroborating circumstances, which were probably sufficient to produce conviction on the minds of the

EASTERN DIS.
*March*, 1833.

GASQUET
ET ALS
*vs.*
KOKERNOT
ET ALS.

In all cases of contracts or promises above five hundred dollars, the testimony of a single witness, without proof of corroborating circumstances, is insufficient.

jury, that this defendant did assume the obligation to pay to the plaintiffs as alledged in this petition.

The exception in favor of contracts between merchants, or in relation to mercantile dealings, made in the old *Civil Code*, by which such contracts above five hundred dollars, might be proven by a single creditable witness, not having been introduced in the *Louisiana Code*, is verbally repealed; and now in cases of contracts or promises, having for their object more than five hundred dollars, the testimony of one witness alone does not suffice to establish such contracts without proof of corroborating circumstances. *Louisiana Code, art.* 2257. In the present instance, proof of this kind was adduced, and as the jury were the proper judges of the weight of the testimony, perhaps their verdict and the judgment thereon rendered ought not to be disturbed, were it not for certain bills of exceptions found on the record, by which it appears that evidence offered on the part of the appellant to rebut any presumptions arising from the proof of these circumstances, was rejected.

In a suit on an alleged promise to pay the debt of another, the defendant must show that he has, several times about the period of the alleged promise, refused to pay the other's debts due to other persons, although the plaintiff in making out his case has not attempted to prove the reverse.

The testimony offered and rejected appears to have been intended to show that the defendant, previously and about the period at which she is alleged to have promised to pay for the purchase, had refused absolutely to become surety for him on other occasions, and to other persons. If the plaintiffs had offered testimony to prove the converse of this proposition, *i. e.* that she had been in the constant habit of becoming surety for the individual who bought goods from them, in his contracts with other persons, no doubt could be entertained of the admissibility of evidence to this effect as showing circumstances corroborative of the testimony of the single witness.

Proof arising from circumstantial evidence is essentially presumptive, and may properly be rebutted by the evidence of contradictory circumstances tending to oppose its truth.

We are of opinion that the judge *a quo* erred in refusing to admit testimony to show that the appellant had refused on several occasions to become security for the engagements of

the purchaser of the goods in the present instance to other persons, or that she was in the habit of refusing to bind herself for him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled; and it is further ordered that this cause be remanded to said court to be tried *de novo*, with instructions to the judge to admit the testimony as offered by the appellant, or similar testimony, if offered; the plaintiffs and appellees to pay the cost of this appeal.

*Preston*, for appellant.